**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**WAYCROSS DIVISION**

UNITED STATES OF AMERICA            )
                                    )
                                    )       CASE NO.: CR500-12
v.                                  )
                                    )
SYLVESTER LEE REYNOLDS, SR.,        )


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Sylvester Lee Reynolds ("Reynolds"), an inmate currently incarcerated at the Low Security Correctional Institution in Butner, North Carolina, has filed a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255[1], contesting his sentence in Case Number CR500-12. The Government has filed a Response. For the reasons which follow, Reynolds' petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Reynolds was indicted by a grand jury on two counts of possession with intent to distribute more than fifty (50) grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). He pled guilty in this Court before the Honorable William T. Moore, Jr. The plea agreement, in pertinent part, provided that the Court was not bound by the sentencing recommendations of the Government and that Reynolds did not have an absolute right to withdraw his plea. After

---

[1]The document Reynolds filed with the Court is entitled "Petition For A Six [sic] Amandment [sic] Violation." (Dkt. No. 128 ) Based upon the nature of the claims, the Court has construed this document to be a § 2255 motion.

obtaining a copy of his Presentence Investigation Report ("PSI"), Reynolds attempted to withdraw his guilty plea. His request was denied. (Dkt. No. 114.)

Reynolds previously filed a motion pursuant to 28 U.S.C. § 2255 in this Court. (Dkt. No. 101, Case No. CV502-83.) In that motion, Reynolds alleged that (1) his plea was not voluntarily made, (2) evidence against him was obtained during an unlawful search and seizure, (3) the Prosecution failed to disclose evidence favorable to him, and (4) he received ineffective assistance of trial counsel. (Dkt. No. 114.) Reynolds' motion was denied on May 23, 2003. (Dkt. No. 117.)

In the case *sub judice*, Reynolds asserts that because the District Court unconstitutionally enhanced his sentence, this Court should allow him to withdraw his guilty plea or vacate his conviction. Specifically, Plaintiff contends that his Sixth Amendment rights were violated when facts not found by a jury or admitted by him were used to enhance his sentence. That enhancement, Plaintiff avers, is inconsistent with the Supreme Court's holding in Blakely v. Washington, 542 U.S. ---, 124 S. Ct. 2531, 159 L. Ed.2d 403 (2004), and United States v. Booker, --- U.S. ---, 125 S. Ct. 738, 160 L. Ed.2d 621 (2005).

Respondent contends that the record shows that Reynolds has filed at least one other § 2255 motion and that the Court of Appeals denied his request to file a successive § 2255 motion. Respondent concludes that the instant motion should be dismissed as a successive § 2255 motion.

2

## DISCUSSION AND CITATION TO AUTHORITY

To file a second or successive § 2255 motion, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires the movant to first file an application with the appropriate court of appeals for an order authorizing the district court to consider the motion. See 28 U.S.C. § 2244(b)(3)(A); Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam). The court of appeals must certify that the second or successive motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255; accord In re Anderson, 396 F.3d 1336, 1337 (11th Cir. 2005). Without authorization from the court of appeals, the district court lacks jurisdiction to consider a movant's second or successive petition. Farris, 333 F.3d at 1216 (citing Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997)).

On August 13, 2002, Reynolds filed a § 2255 motion in this Court. By order dated May 23, 2003, his motion was denied. Sometime thereafter, Reynolds filed an application with the Eleventh Circuit Court of Appeals to file a second or successive § 2255. In his application, Reynolds asserted that because his claim was based on the Supreme Court's holding in Blakely, his claim was based upon a new rule of constitutional law. Finding that his reliance on Blakely was misplaced, the Court of Appeals denied Reynolds' application. In an Order dated August 3, 2004, that Court held that because it had previously

3

determined that Blakely was not retroactively applicable to cases on collateral review,[2] Reynolds' claim failed to meet the statutory criteria for filing a second or successive motion. In re Reynolds, No. 04-13321-G (11th Cir. August 3, 2004).

After filing the instant petition, Reynolds filed another application with the Court of Appeals. In that application, Reynolds alleged that his sentence was enhanced in a manner that was inconsistent with the Supreme Court's recent holding in Booker. By Order dated March 7, 2005, that Court denied Reynolds' application. The Court noted that even if Reynolds could establish that Booker was a new rule of constitutional law, the Supreme Court has not held that Booker should be applied retroactively to cases on collateral review.[3] That Court concluded that Reynolds had failed to meet the statutory criteria for filing a second or successive motion. In re Reynolds, No. 05-10815-G (March 7, 2005).

Reynolds has filed a successive § 2255 motion without certification from the Eleventh Circuit Court of Appeals. Without that certification, this Court lacks jurisdiction to consider the motion. Reynolds' motion should be dismissed.

---

[2]See In re Dean, 375 F.3d 1287 (11th Cir. 2004)(holding that Blakely is not retroactively applicable to cases on collateral review).

[3]See In re Anderson, 396 F.3d 1336 (11th Cir. 2005) (holding that Booker is not retroactively applicable to cases on collateral review).

4

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Reynolds' Motion (Dkt.

No. 128) to Vacate, Set Aside, or Correct his sentence, filed pursuant to 28 U.S.C. § 2255,

be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this _27th_ day of April, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

5

# United States District Court
## *Southern District of Georgia*

UNITED STATES OF AMERICA

vs.

SYLVESTER LEE REYNOLDS,SR./

CASE NO. CR500-12

The undersigned, a regularly appointed and qualified deputy in the office of this Clerk of this District, while conducting the business of the Court for said Division does hereby certify the following:

1. Pursuant to instructions from the court, and in the performance of my official duties, I personally placed in the U.S. Mail a sealed envelope bearing the lawful frank of the Court, and properly addressed to each of the persons, parties or attorneys listed below; and

2. That the aforementioned envelope(s) contain a copy of the documents known as ORDER AND R&R                dated 4/27/05                , which is part of the official records of this case.

Date of Mailing:        4/27/05
Date of Certificate:    4/27/05

SCOTT L. POFF, CLERK

By : _____
        Nita Rose

NAME:

1. Sylvester Lee Reynolds Low Security Corr Ins. Box 999 Butner,NC 27509
2. Amy LeeCopeland
3.
4.
5.
6.
7.

| Cert/Copy | | | Cert/Copy | | |
|---|---|---|---|---|---|
| ☐ | ☐ | District Judge | ☐ | ☐ | Dept. of Justice |
| ☐ | ☐ | Magistrate Judge | ☐ | ☐ | Dept. of Public Safety |
| ☐ | ☐ | Minutes | ☐ | ☐ | Voter Registrar |
| ☐ | ☐ | U.S. Probation | ☐ | ☐ | U.S. Court of Appeals |
| ☐ | ☐ | U.S. Marshal | ☐ | ☐ | Nicole/Debbie |
| ☐ | ☐ | U.S. Attorney | ☐ | ☐ | Ray Stalvey |
| ☐ | ☐ | JAG Office | ☐ | ☐ | Cindy Reynolds |